IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES HEWITT, | |
| Petitioner, | |
| v. | Case No. 25-CV-00665-SPM |
| THOMAS LILLARD, | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Charles Hewitt is a federal inmate presently housed at FCI Greenville in Greenville, Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

    Hewitt was charged with one count of Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Count 1), two counts of Sexual Exploitation of a Minor in violation of 18 U.S.C. §§ 2251(a), (e), and 3559(e)(1) (Counts 2–3), and one count of Penalties for Registered Sex Offenders in violation of 18 U.S.C. § 2260A (Count 4). *See United States v. Hewitt*, 18-CR-10059-1 (C.D. Ill. 2020) (Doc. 12). As part of a plea agreement, Hewitt pleaded guilty to Counts 1 and 4 of the indictment. *Id.* (Docs. 38, 128). He was sentenced to 300 months on Count 1 and 120 months on Count 4 to run consecutively for a total of 420 months of imprisonment. *See id.* (Doc. 128). On April 28, 2022, he

filed an Amended Motion to Vacate Sentence under 28 U.S.C. § 2255. *See id.* (Doc. 112). On April 10, 2023, his motion was denied, and the Court declined to issue a Certificate of Appealability. *See id.* (Doc. 142).

In the instant Petition, Hewitt challenges his conviction as imposed (Doc. 1, p. 2), arguing that the sentencing court erred in establishing the proper offense level. (*See id.*, p. 7).

Writs for habeas corpus under 28 U.S.C. § 2241 are limited to challenges of a sentence's execution and may generally not be used to claim legal error in conviction or sentencing. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). The proper vehicle for challenging a conviction and sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 to the court that imposed the sentence. 28 U.S.C. § 2255(a). The exception to this rule can be found in 28 U.S.C. § 2255(e) that allows an inmate to bring a § 2241 petition if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Supreme Court has determined that the limitations that bar second or successive § 2255 motions do not make § 2255 motions "inadequate or ineffective". *Jones v. Hendrix*, 599 U.S. 465, 470 (2023).

Consequently, Hewitt must raise his challenge in the United States District Court for the Central District of Illinois, where he was sentenced for the underlying offense. As discussed *supra*, Hewitt has already filed a § 2255 motion with his sentencing court, which was denied. *See id.* (Docs. 103, 112, 121, 142). The fact that his § 2255 petition was denied does not entitle him to circumvent the limitation on second or successive § 2255 motions by bringing a claim under § 2241 with this Court.

*See Jones*, 599 U.S. at 477–80.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Due to the above, Hewitt's § 2241 Petition is **DISMISSED with prejudice** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hewitt has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

IT IS SO ORDERED.

DATED:   June 20, 2025

                                                  *s/ Stephen P. McGlynn*
                                                  **STEPHEN P. McGLYNN**
                                                  **U.S. District Judge**